# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CYPANGA SICAV SIF,<br><br>                    Plaintiff,<br><br>v.<br><br>FISERV, INC., MICHAEL P. LYONS, and ROBERT W. HAU,<br><br>                    Defendants. | Case No. 25-CV-1716-JPS |
| SANDRA LOMBARD,<br><br>                      Plaintiff,<br><br>v.<br><br>FISERV, INC., MICHAEL P. LYONS, and ROBERT W. HAU,<br><br>                      Defendants. | Case No. 25-CV-1786-PP |

On November 4, 2025, Cypanga Sicav SIF sued Fiserv, Inc., Michael P. Lyons, and Robert W. Hau ("Defendants"), alleging violations of the federal securities laws. Case No. 25-CV-1716, ECF No. 1 (hereinafter "*Cypanga* Action"). Several days later, on November 14, 2025, Sandra Lombard sued the same Defendants, similarly alleging violations of the federal securities laws. Case No. 25-CV-1786, ECF No. 1 (hereinafter "*Lombard* Action"). The *Cypanga* Action is assigned to this branch of the Court; the *Lombard* Action is assigned to Chief Judge Pamela Pepper.

Both are putative class actions. *Cypanga* Action, ECF No. 1 at 2; *Lombard* Action, ECF No. 1 at 2. In each case, there is also a pending request to intervene and transfer the action to the Southern District of New York for consolidation with an allegedly similar case pending there. *Cypanga* Action, ECF No. 4 (motion by ETHENEA Independent Investors S.A., the City of Hollywood Police Officers' Retirement System, and City Pension Fund for Firefighters and Police Officers in the City of Miami Beach to intervene and to transfer the *Cypanga* Action for consolidation with *City of Hollywood Police Officers Retirement System v. Fiserv, Inc.*, Case No. 25-CV-6094 (S.D.N.Y. July 24, 2025) (hereinafter "Southern District of New York Action")); *Lombard* Action, ECF No. 3 (same).

Two entities move for appointment as lead plaintiff and counsel in the *Cypanga* Action and to consolidate the case with the *Lombard* Action. *Cypanga* Action, ECF No. 21 (motion by Northern California Pipe Trades Trust Funds ("NCPTTF")) and ECF No. 28 (motion by Employees Retirement System of Hawaii ("ERSH")); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(i) (providing for appointment of a lead plaintiff). ERSH filed an identical motion for appointment as lead plaintiff and counsel and consolidation in the *Lombard* Action. *Lombard* Action, ECF No. 15; *see also* CIV. L.R. 42(a) (requiring that such motions be filed "in all of the cases sought to be consolidated"). In this Order, the Court addresses these motions insofar as they seek consolidation, leaving for later consideration the matter of appointment of a lead plaintiff and counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii) (requiring consolidation to be decided first).

Because the lowest-numbered case is assigned to this branch of the Court, it must now decide the motions for consolidation. CIV. L.R. 42(a). The Court has discretion to consolidate actions that "involve a common

question of law or fact." FED. R. CIV. P. 42(a). More specifically, the Court need not "find that common questions of law or fact predominate, only that they exist and that consolidation will prove beneficial." *Habitat Educ. Ctr. Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008). Further,

> [a]lthough neither Rule 42 nor case law defines "common question of law or fact," the plain meaning of this phrase indicates that a common question is one that must be answered identically in each case in which it is presented. When common questions of law or fact are present, cases should be consolidated if consolidation will streamline the litigation without causing the parties undue prejudice. . . . In determining whether to consolidate, [the Court] consider[s] such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results.

*Id.* (internal citations omitted).

The Court sees no barrier to consolidating these two actions. Both complaints raise substantially similar allegations and seek substantially similar relief. In addition, no party or entity that has sought to intervene in this case has opposed consolidation of the two matters. Moreover, the above-identified interests in judicial economy, efficiency, and consistency are well-served by consolidation. Consolidation will facilitate issuance of a single decision addressing the pending requests to intervene and transfer these actions for consolidation with the Southern District of New York Action, requests which are largely identical, as well as opposed and fully briefed. *Cypanga* Action, ECF Nos. 5, 18, 20; *Lombard* Action, ECF Nos. 4, 13, 14.[1]

---

[1]The Court will take up the motions to intervene and transfer in due course; if they are not granted, the Court will also invite further briefing on the requests for appointment as lead plaintiff and lead counsel and resolve them as appropriate. *Cypanga* Action, ECF Nos. 21, 25, 28; *Lombard* Action, ECF No. 15.

Page 3 of 5

Case 2:25-cv-01786-JPS    Filed 02/05/26    Page 3 of 5    Document 19

Accordingly, the motions to consolidate will be granted, and the *Cypanga* and *Lombard* Actions will be consolidated together for all purposes. This consolidated action shall hereafter bear the caption *In re Fiserv, Inc. Securities Litigation*. The case file for the consolidated action shall be maintained under Case No. 25-CV-1716, the number assigned to the first-filed case in the Eastern District of Wisconsin, and all papers and pleadings in the consolidated action shall be filed thereunder.

As previously ordered in the *Cypanga* Action, Defendants' time to respond to the complaint, the parties' deadline to file a Rule 26(f) report, discovery, and further briefing on the motions for appointment as lead plaintiff and lead counsel all remain stayed until the Court resolves the pending motions to intervene and transfer. *Cypanga* Action, Dec. 3, 2025 and Jan. 6, 2026 text orders; *supra* note 1. The Court's Comprehensive Protocols and Procedures Order, *Cypanga* Action, ECF No. 3, also remains in effect.

Accordingly,

**IT IS ORDERED** that the unopposed motions to consolidate, *Cypanga* Action, Case No. 25-CV-1716, ECF Nos. 21 and 28, and *Lombard* Action, Case No. 25-CV-1786, ECF No. 15, be and the same hereby are **GRANTED**;

**IT IS FURTHER ORDERED** that Case Nos. 25-CV-1716 and 25-CV-1786 be consolidated together for all purposes under the caption *In re Fiserv, Inc. Securities Litigation*; and

**IT IS FURTHER ORDERED** that the case file for the consolidated action shall be maintained under Case No. 25-CV-1716 and all papers and pleadings in the consolidated action shall be filed thereunder and shall bear the caption *In re Fiserv, Inc. Securities Litigation*.

Dated at Milwaukee, Wisconsin, this 5th day of February, 2026.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge